**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ROSE LAWSON, | ) Case No. ED CV 10-0953 JCG |
| Plaintiff, | ) |
| v. | ) **MEMORANDUM OPINION AND** |
| MICHAEL J. ASTRUE, COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION, | ) **ORDER** |
| Defendant. | ) |

**I.**

**INTRODUCTION AND SUMMARY**

On June 28, 2010, plaintiff Rose Lawson ("Plaintiff") filed a complaint against defendant Michael J. Astrue ("Defendant"), the Commissioner of the Social Security Administration, seeking review of a denial of disability insurance benefits ("DIB") and supplemental security income benefits ("SSI"). [Docket No. 1.]

On December 22, 2010, Defendant filed his answer, along with a certified copy of the administrative record. [Docket Nos. 10, 11, 12.]

In sum, having carefully studied, *inter alia*, the parties' joint stipulation and the administrative record, the Court concludes that, as detailed below, there is substantial evidence in the record, taken as a whole, to support the decision of the Administrative Law Judge ("ALJ"). Thus, the Court affirms the Commissioner's

decision denying benefits.

## II.

## **PERTINENT FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff, who was 42 years old on the date of her administrative hearing, has completed one year of college. (*See* Administrative Record ("AR") at 17, 116, 153.)

On November 21, 2007, Plaintiff protectively filed for DIB and SSI, alleging that she has been disabled since April 1, 2007 due to catamenial seizures and side effects from the seizures. (*See* AR at 57, 62, 116, 120, 144, 148.)

On August 26, 2009, Plaintiff, represented by counsel, appeared and testified at a hearing before an ALJ. (*See* AR at 17-51.) The ALJ also heard testimony from David A. Rinehart, a vocational expert ("VE"), William L. Debolt, M.D., a medical expert ("ME"), and Plaintiff's husband Gerald Clarke Lawson, a lay witness. (*Id.*)

On December 11, 2009, the ALJ denied Plaintiff's request for benefits. (AR at 8-16.) Applying the well-known five-step sequential evaluation process, the ALJ found, at step one, that Plaintiff has not engaged in substantial gainful activity since her alleged onset date. (*Id.* at 10.)

At step two, the ALJ found that Plaintiff suffers from severe seizure disorder. (AR at 10.)

At step three, the ALJ determined that the evidence did not demonstrate that Plaintiff's impairment, either individually or in combination, met or medically equaled the severity of any listing set forth in the Social Security regulations.[1] (AR at 14.)

The ALJ then assessed Plaintiff's residual functional capacity[2] ("RFC") and

---

[1] *See* 20 C.F.R. pt. 404, subpt. P, app. 1.

[2] Residual functional capacity is what a claimant can still do despite existing exertional and nonexertional limitations. *Cooper v. Sullivan*, 880 F.2d 1152, 1155 n. 5 (9th Cir. 1989). "Between steps three and four of the five-step evaluation, the

2

determined that she can perform "a full range of work at all exertional levels but with the following nonexertional limitations: no ladders, ropes or scaffolds; no work at heights; no open bodies of water; not responsible for the safety of others; no driving; and no moving machinery." (AR at 12 (emphasis omitted).)

The ALJ found, at step four, that Plaintiff has the ability to perform her past relevant work as a receptionist, or treatment coordinator in a dental office. (AR at 15.) Thus, the ALJ concluded that Plaintiff was not suffering from a disability as defined by the Act. (*Id.* at 8, 15, 16.)

Plaintiff filed a timely request for review of the ALJ's decision, which was denied by the Appeals Council. (AR at 1-3, 4.) The ALJ's decision stands as the final decision of the Commissioner.

## III.

## **STANDARD OF REVIEW**

This Court is empowered to review decisions by the Commissioner to deny benefits. 42 U.S.C. § 405(g). The findings and decision of the Social Security Administration must be upheld if they are free of legal error and supported by substantial evidence. *Mayes v. Massanari*, 276 F.3d 453, 458-59 (9th Cir. 2001, *as amended* Dec. 21, 2001). If the court, however, determines that the ALJ's findings are based on legal error or are not supported by substantial evidence in the record, the court may reject the findings and set aside the decision to deny benefits. *Aukland v. Massanari*, 257 F.3d 1033, 1035 (9th Cir. 2001); *Tonapetyan v. Halter*, 242 F.3d 1144, 1147 (9th Cir. 2001).

"Substantial evidence is more than a mere scintilla, but less than a preponderance." *Aukland*, 257 F.3d at 1035. Substantial evidence is such "relevant

---

ALJ must proceed to an intermediate step in which the ALJ assesses the claimant's residual functional capacity." *Massachi v. Astrue*, 486 F.3d 1149, 1151 n. 2 (9th Cir. 2007).

evidence which a reasonable person might accept as adequate to support a conclusion." *Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1998); *Mayes*, 276 F.3d at 459. To determine whether substantial evidence supports the ALJ's finding, the reviewing court must review the administrative record as a whole, "weighing both the evidence that supports and the evidence that detracts from the ALJ's conclusion." *Mayes*, 276 F.3d at 459. The ALJ's decision "'cannot be affirmed simply by isolating a specific quantum of supporting evidence.'" *Aukland*, 257 F.3d at 1035 (quoting *Sousa v. Callahan*, 143 F.3d 1240, 1243 (9th Cir. 1998)). If the evidence can reasonably support either affirming or reversing the ALJ's decision, the reviewing court "'may not substitute its judgment for that of the ALJ.'" *Id.* (quoting *Matney ex rel. Matney v. Sullivan*, 981 F.2d 1016, 1018 (9th Cir. 1992)).

## IV.

## ISSUES PRESENTED

Three disputed issues are presented for decision here:

1. whether the ALJ properly evaluated the medical evidence, (*see* Joint Stip. at 2-6, 8-9);

2. whether the ALJ properly developed the record, (*id.* at 15-17, 18); and

3. whether the ALJ properly assessed Plaintiff's credibility. (*Id.* at 9-12, 14-15.)

The first two issues are related. Accordingly, the Court addresses the first two arguments collectively before turning to the final issue.

## V.

## DISCUSSION AND ANALYSIS

A. Evaluation of the Medical Evidence and Duty to Fully and Fairly Develop the Record

Plaintiff makes two interconnected arguments. First, she contends that the ALJ "improperly rejected" the opinion of treating neurologist Lori Uber-Zak, D.O. ("Dr. Uber-Zak"). (Joint Stip. at 4.) Plaintiff argues that the "ALJ failed to

articulate with specificity any evidence that would legitimately support rejecting the doctor's opinion." (*Id.* at 5.)

Second, Plaintiff maintains that because the "ALJ determined not to afford controlling weight to Dr. Uber-Zak's opinion because the doctor's opinion was purportedly 'not supported by objective evidence in her records[,]'" and the ME testified that Plaintiff's "fatigue and migraine symptoms . . . have not been investigated fully enough," "the ALJ should have at least recontacted Dr. Uber-Zak to obtain clarification." (Joint Stip. at 15-16.)

        1.      <u>The ALJ Must Provide Specific and Legitimate Reasons Supported by Substantial Evidence to Reject a Treating Physician's Opinion</u>

In evaluating medical opinions, Ninth Circuit case law and Social Security regulations "distinguish among the opinions of three types of physicians: (1) those who treat the claimant (treating physicians); (2) those who examine but do not treat the claimant (examining physicians); and (3) those who neither examine nor treat the claimant (nonexamining physicians)." *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995, *as amended* April 9, 1996); *see also* 20 C.F.R. §§ 404.1527(d) & 416.927(d) (prescribing the respective weight to be given the opinion of treating sources and examining sources). "As a general rule, more weight should be given to the opinion of a treating source than to the opinion of doctors who do not treat the claimant." *Lester*, 81 F.3d at 830; *accord Benton ex rel. Benton v. Barnhart*, 331 F.3d 1030, 1036 (9th Cir. 2003). This is so because a treating physician "is employed to cure and has a greater opportunity to know and observe the patient as an individual." *Sprague v. Bowen*, 812 F.2d 1226, 1230 (9th Cir. 1987).

"The opinion of an examining physician is, in turn, entitled to greater weight than the opinion of a nonexamining physician." *Lester*, 81 F.3d at 830; *see also* 20 C.F.R. §§ 404.1527(d)(1)-(2) & 416.927(d)(1)-(2). Where the treating physician's "opinion is not contradicted by another doctor, it may be rejected only for 'clear and

5

convincing' reasons." *Benton*, 331 F.3d at 1036. "Even if the treating doctor's opinion is contradicted by another doctor, the [ALJ] may not reject this opinion without providing specific and legitimate reasons supported by substantial evidence in the record[.]" *Lester*, 81 F.3d at 830 (internal quotation marks and citation omitted).

The ALJ can meet the requisite specific and legitimate standard "by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989) (internal quotation marks and citation omitted).

### 2. The ALJ Properly Evaluated the Medical Evidence and Fully and Fairly Developed the Record

The Court is persuaded that the ALJ properly evaluated the medical evidence, did not fail to fully and fairly develop the record, and his opinion is supported by substantial evidence. This Court's decision is grounded on three reasons.

First, the ALJ properly rejected Dr. Uber-Zak's opinion because it was not supported by the objective evidence or Dr. Uber-Zak's own treatment records. (AR at 15 ("Concerning Dr. Uber-Zak opinion of February 11, 2009, that [Plaintiff] is totally disabled, her conclusions are not supported by the totality of the medical evidence of record, as well as her own progress notes[.]")); *see Burkhart v. Bowen*, 856 F.2d 1335, 1339-40 (9th Cir. 1988) (ALJ properly rejected treating physicians' opinion which was unsupported by medical findings, personal observations or test reports); *Batson v. Comm'r of Soc. Sec.*, 359 F.3d 1190, 1195 (9th Cir. 2004) (ALJ may discredit treating physicians' opinions that are conclusory, brief, and unsupported by the record as a whole, or by objective medical findings).

In a letter, dated February 11, 2009, Dr. Uber-Zak stated that Plaintiff suffers from "migrainous headaches" as well as "severe memory dysfunction for short term items" due to her seizures and the antiepileptic medication prescribed for her. (AR at 274.) However, Dr. Uber-Zak's medical records indicated that Plaintiff's seizures

6

and headaches were well-controlled by medication. (*See, e.g., id.* at 285 (Dr. Uber-Zak indicating that Plaintiff's headaches are "well controlled"), 286 (Dr. Uber-Zak indicating that Plaintiff's seizures are "well controlled"), 289 (Dr. Uber-Zak noting that Plaintiff "feels very good on Topamax"[3]).)

The objective medical record also supports the ALJ's conclusion. For instance, on January 15, 2009, Plaintiff's treating physician David Nutter, M.D. reported that Plaintiff's seizure "medications have been increased," but she is "otherwise, doing well" and although she complains of "low back pain," she is "much better and . . . is remaining active." (AR at 298; *see also id.* at 13 (ALJ noting that Plaintiff "had an MRI of the brain performed on July 11, 2008" and the "MRI was unremarkable"), 314 (MRI radiology report, dated July 15, 2008, finding "[u]nremarkable brain MRI, no abnormal enhancement or definite mass is seen"), 334-35 (same).)

Second, although Dr. Uber-Zak opined that Plaintiff is "unequivocally disabled," (AR at 274), a treating physician's *non-medical* opinion on whether the claimant is disabled "is not entitled to special significance." *Boardman v. Astrue*, 286 Fed.Appx. 397, 399 (9th Cir. 2008) (unpublished *memorandum* opinion) ("The ALJ is correct that a determination of a claimant's ultimate disability is reserved to the Commissioner, and that a physician's opinion on the matter is not entitled to special significance."). In other words, Dr. Uber-Zak's non-medical opinion that Plaintiff is unable to work is not binding on the Commissioner. *See Ukolov v. Barnhart*, 420 F.3d 1002, 1004 (2005) ("Although a treating physician's opinion is generally afforded the greatest weight in disability cases, it is not binding on an ALJ with respect to the existence of an impairment or the ultimate determination of disability."); 20 C.F.R. §§ 404.1527(e)(1) ("We are responsible for making the

---

[3] Topamax is a "seizure medication, also called an anticonvulsant." www.drugs.com.

determination or decision about whether you meet the statutory definition of disability. . . . A statement by a medical source that you are 'disabled' or 'unable to work' does not mean that we will determine that you are disabled.") & 416.927(e)(1) (same).

Indeed, under the regulations, these opinions arguably do not constitute a valid medical opinion. *See* 20 C.F.R. §§ 404.1527(e) ("Opinions on some issues, such as [that you are 'unable to work'], are not medical opinions, . . . but are, instead, opinions on issues reserved to the Commissioner because they are administrative findings that are dispositive of a case; *i.e.*, that would direct the determination or decision of disability.") (italics in original) & 416.927(e) (same). Therefore, the ALJ was not required to explicitly detail his reasons for rejecting the opinion. *See Nyman v. Heckler*, 779 F.2d 528, 531 (9th Cir. 1985) (Because "opinions by medical experts regarding the ultimate question of disability are not binding[,] . . . [the Commissioner] was not obliged to explicitly detail his reasons for rejecting the [treating physician's] opinion.").

Third, Plaintiff argues that the "ALJ should have made a reasonable attempt to recontact Dr. Uber-Zak to obtain clarification regarding Plaintiff's limitations" because "Dr. Uber-Zak expressly requested the ALJ to contact her if the ALJ needed additional information" and the ME testified that "Plaintiff's fatigue and migraine symptoms . . . have not been investigated fully enough, to talk about." (Joint Stip. at 5, 16-17 (internal quotation marks omitted).) However, the ALJ's duty to recontact a treating physician is triggered only "when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence." *Mayes*, 276 F.3d at 459-60.

Here, the record before the ALJ was not ambiguous or inadequate to allow for a proper evaluation of the medical evidence, nor did the ALJ find the record to be unclear. (*See generally* AR at 8-16); *see Bayliss v. Barnhart*, 427 F.3d 1211, 1217 (9th Cir. 2005) (no duty to recontact physician whose report was not ambiguous).

Further, although the ME testified that "*it's possible*" that "the information in

8

the record" regarding Plaintiff's migraines and memory impairment are "not sufficient to testify about," (AR at 29-30 (emphasis added)), the ALJ did not rely on the ME's opinion in assigning less weight to Dr. Uber-Zak's opinion. (*See id.* at 11-12 (ALJ relying on ME's opinion in assessing whether Plaintiff's impairment, or combination of impairments, met or medically equaled a listing).) In assessing Dr. Uber-Zak's opinion and the medical evidence, the ALJ properly relied on, *inter alia*, the opinion of treating physician Brad Cole, M.D. ("Dr. Cole"), whose records support the ALJ's findings. (*See id.* at 13-14; *see also id.* at 217 (ambulatory electroencephalogram[4/] ("EEG") test results, dated November 14, 2007, finding that "patient did not have any spells during this period of time" and no "seizure-like events during this recording"), 221 (Dr. Cole's treatment note, dated September 11, 2007, finding that Plaintiff's MRI scan "was normal" and her EEG test "showed some seizure activity in the left temporal lobe").)

Thus, the Court finds that the ALJ's evaluation of the medical evidence is free of legal error and is supported by substantial evidence and the ALJ was under no duty to further develop the record.

B.  Plaintiff's Credibility

Plaintiff argues that "the ALJ failed to make proper credibility findings by not providing specific findings that undermined Plaintiff's testimony." (Joint Stip. at 11.)

1.  The ALJ Must Provide "Clear and Convincing" Reasons For Discounting Plaintiff's Credibility

An ALJ can reject a plaintiff's subjective complaint upon (1) finding evidence of malingering, or (2) expressing clear and convincing reasons for doing so. *Benton*,

---

[4/] Electroencephalogram signifies a "record obtained by means of" a "system for recording the electric potentials of the brain derived from electrodes attached to the scalp." *Stedman's Medical Dictionary* 621 (28th ed. 2006).

331 F.3d at 1040. The ALJ may consider the following factors in weighing a plaintiff's credibility: (1) his or her reputation for truthfulness; (2) inconsistencies either in the plaintiff's testimony or between the plaintiff's testimony and his or her conduct; (3) his or her daily activities; (4) his or her work record; and (5) testimony from physicians and third parties concerning the nature, severity, and effect of the symptoms of which she complains. *Thomas v. Barnhart*, 278 F.3d 947, 958-59 (9th Cir. 2002).

Here, the ALJ did not find evidence of malingering. (*See generally* AR at 8-16.) Therefore, the ALJ's reasons for rejecting Plaintiff's credibility must rest on clear and convincing reasons. *See Benton*, 331 F.3d at 1040.

        2.      <u>The ALJ Properly Rejected Plaintiff's Subjective Complaints</u>

The Court is persuaded that the ALJ provided clear and convincing reasons supported by substantial evidence for rejecting Plaintiff's credibility. Three reasons guide this determination.

First, the ALJ found that the objective medical evidence does not support Plaintiff's alleged degree of disability. (AR at 14; *see supra* § V.A.2.) A lack of objective evidence supporting Plaintiff's symptoms cannot be the sole reason for rejecting Plaintiff's testimony. *Rollins v. Massanari*, 261 F.3d 853, 856-57 (9th Cir. 2001). However, it can be one of several factors used in evaluating the credibility of Plaintiff's subjective complaints. *Id.*

Second, the ALJ properly discounted Plaintiff's subjective complaints as inconsistent with her daily activities. (AR at 14); *see Thomas*, 278 F.3d at 958-59 (inconsistency between the claimant's testimony and the claimant's conduct supported rejection of the claimant's credibility); *Verduzco v. Apfel*, 188 F.3d 1087, 1090 (9th Cir. 1999) (inconsistencies between claimant's testimony and actions cited as a clear and convincing reason for rejecting the claimant's testimony). Substantial evidence supports the ALJ's finding. For instance, despite Plaintiff's claims of near-total incapacity, (AR at 34, 36, 43), she testified that she is able to "cook meals for

[her] children," is "capable of taking care of [her] personal hygiene," does some laundry, and attends church. (*Id.* at 31, 32, 37; *see also id.* at 298 (treatment note, dated January 15, 2009, indicating that Plaintiff "is remaining active").) She also testified that her back pain does not preclude her from sitting in a chair "if [she] had to go back to being a receptionist" and does not "have any difficulty using a phone." (*Id.* at 35.) Although Plaintiff alleges that she suffers from memory impairment as a result of her seizures, (*see id.* at 148), her husband testified that Plaintiff "helps remind [him]" to "do things," "[k]ind of like Captain Kirk." (*Id.* at 43.)

Third, the Court concludes that the ALJ improperly discounted Plaintiff's subjective complaints based on the fact that Plaintiff's impairment failed to meet a listing. (*See* AR at 14.) Nevertheless, the Court finds that the ALJ's reliance on this reason was harmless error. *See Batson*, 359 F.3d at 1195-97 (9th Cir. 2004) (concluding that the ALJ erred in relying on one of several reasons in support of an adverse credibility determination, but finding error harmless, because the ALJ's remaining reasoning and ultimate credibility determination were adequately supported by substantial evidence in the record). "So long as there remains substantial evidence supporting the ALJ's conclusions on credibility and the error does not negate the validity of the ALJ's ultimate credibility conclusion, such is deemed harmless and does not warrant reversal." *Carmickle v. Comm'r*, 533 F.3d 1155, 1162 (9th Cir. 2008) (internal quotation marks, alterations and citation omitted).

On this record, the ALJ's error does not "negate the validity" of his ultimate credibility finding and the ALJ's decision remains "legally valid, despite such error." *See Carmickle*, 533 F.3d at 1162 (internal quotation marks and citation omitted). As noted above, the ALJ's findings relating to Plaintiff's subjective complaints and her ability to perform vocational functions are supported by substantial evidence and they demonstrate that, to the extent the ALJ discounted Plaintiff's credibility, the ALJ did not do so arbitrarily. *See Rollins*, 261 F.3d at

856-57.

Thus, the ALJ provided legally sufficient reasons supported by substantial evidence for discounting Plaintiff's subjective complaints of pain.

Based on the foregoing, IT IS ORDERED THAT judgment shall be entered **AFFIRMING** the decision of the Commissioner denying benefits.

Dated: May 17, 2011     _____
                        Hon. Jay C. Gandhi
                        United States Magistrate Judge

12